## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**SUSANA AQUECHE**,                                     *

    *Plaintiff,*                              *

v.                                                     *          **Civil Case No. 1:24-cv-01395-JMC**

**HOBBY LOBBY STORES, INC. et al.,**
                                                 *

    *Defendants.*
                                                 *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Susana Aqueche, filed the instant lawsuit against Defendants, Hobby Lobby Stores, Inc. ("Hobby Lobby"), SVAP II Pasadena Crossroads, LLC, Paramount Crossroads at Pasadena, LLC, Sterling Retail Services, Inc., Sterling Retail Services Mid-Atlantic, LLC, Sterling Organizational Systems, LLC, and The Sterling Organization, LLC, in the Circuit Court for Anne Arundel County, Maryland, alleging negligence. (ECF No. 4). Defendants then removed the case to this Court before Plaintiff voluntarily dismissed all claims against Defendants Sterling Organizational Systems, LLC and Crossroads at Pasadena, LLC. (ECF Nos. 1, 5, 6, 7). Presently before the Court is Defendant Hobby Lobby's Motion for Summary Judgment (ECF No. 28). Plaintiff did not respond to Hobby Lobby's motion and the time to do so has now passed. *See* Loc. R. 105.2 (D. Md. 2023). The motion is therefore unopposed. For the foregoing reasons, Hobby Lobby's motion will be granted without the need for a hearing. *See* Loc. R. 105.6 (D. Md. 2023).

## I.  BACKGROUND

Plaintiff's operative complaint alleges that she visited one of Hobby Lobby's stores in Pasadena, Maryland, on or about December 26, 2020.  (ECF No. 4 at 4).[1] It further alleges that while Plaintiff "was walking in the parking lot to enter the Hobby Lobby store," "she slipped and fell on black ice" causing significant injuries and forcing Plaintiff "to expend and will continue in the future to expend, large sums of money for x-rays, hospitals, nurses, doctors, therapies, and further treatment."  *Id.* at 6.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party can make such a showing by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Therefore, if there are factual issues "that properly can be resolved only by a finder of fact because [those issues] may reasonably be resolved in favor of either party[,]" then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250.

"When ruling on a motion for summary judgment, the [C]ourt must construe the facts alleged in the light most favorable to the party opposing the motion."  *U.S. ex rel. James Commc'n, Inc. v. LACO Elec., Inc.*, No. DKC 14-0946, 2015 WL 1460131, at *2 (D. Md. Mar. 27, 2015)

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

(citing *Scott v. Harris*, 550 U.S. 372, 377 (2007); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008)). A party bearing the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.*

"Ordinarily, summary judgment is inappropriate where the parties have not had an opportunity for reasonable discovery." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 626 (D. Md. 2020) (quotation omitted). "However, the party opposing summary judgment cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Id.* (quotations omitted). "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 961 (4th Cir. 1994)).

"Where, as here, the nonmoving party fails to respond, the [C]ourt may not automatically grant the requested relief." *LACO Elec. Inc.*, 2015 WL 1460131 at *2 (citing Fed. R. Civ. P. 56(e)(2)). Rather, the Court must "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). Moreover, Federal Rule of Civil Procedure 56(e) states:

> If a party fails to properly support an assertion of fact *or fails to properly address another party's assertion of fact* as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; *or* (4) issue any other appropriate order.

(emphasis added).  "In the specific context of summary judgment, [t]he non-movant's failure to respond does not permit the Court to enter a default summary judgment, but the Court is allowed to accept the evidence presented by the movant as undisputed."  *nTech Sols., Inc. v. Meta Dimensions, Inc.*, No. 1:21-CV-00673-JMC, 2023 WL 5671619, at *4 (D. Md. Sept. 1, 2023) (quotation omitted).

Here, the discovery deadline in this case is currently October 16, 2024, making Hobby Lobby's motion facially premature.  *See* (ECF Nos. 22, 23, 24).  However, Plaintiff has not filed a Rule 56(f) affidavit in light of Hobby Lobby's motion, nor has Plaintiff opposed Hobby Lobby's motion.  Plaintiff even filed subsequent, unrelated documents through the Court's electronic filing system after the deadline to respond to Hobby Lobby's motion had passed, indicating her continued presence in this case while this motion has been pending with no response.  (ECF No. 29).  Additionally, there can be no genuine dispute of material fact that Hobby Lobby is entitled to summary judgment for the reasons explained below.  Accordingly, the Court finds that summary judgment is appropriate regarding Plaintiff's claims against Hobby Lobby notwithstanding the fact that discovery is still ongoing.

## III.  DISCUSSION

The sole cause of action in Plaintiff's operative complaint is one for negligence.  "A properly pleaded claim of negligence includes four elements . . . (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual loss or injury, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty."  *Corinaldi v. Columbia Courtyard, Inc.*, 162 Md. App. 207, 218

(2005);[2] *see also Chamberlain v. Denny's Inc.*, 166 F. Supp. 2d 1064, 1068 (D. Md. 2001) ("Under Maryland law, negligence is doing something that a person using ordinary care would not do or not do something that a person using ordinary care would do.").

> Defendant Hobby Lobby sets forth the following factual assertions in its motion:
>
> Hobby Lobby leased the storefront at 8036 Ritchie Highway, Pasadena, Maryland 21122 from Paramount Crossroads at Pasadena, LLC.
>
> Pursuant to the terms of the lease agreement Defendant, Paramount Crossroads is responsible for maintaining the 'Common Area' in a good, commercially reasonable manner, including lighting and electricity, cleaning, *snow and ice removal*, repairs, landscaping and irrigation, parking lot re-striping, and trash removal and parking lot sweeping.
>
> Pursuant to the terms of the lease agreement, the 'Common Area' is defined as 'all *parking* areas, roadways, service areas, sidewalks, loading zones, and other improvements included within the Shopping Center.'

(ECF No. 28-1 at 2) (emphasis in original).  Attached to Hobby Lobby's motion is the lease agreement between it and SVAP II Pasadena Crossroads, LLC confirming as much.  *See* (ECF No. 28-3 at 8).  Plaintiff did not oppose these well-supported factual assertions so the Court deems them undisputed for purposes of analyzing the present motion pursuant to Rule 56(e).

"[I]n negligence actions based on premises liability, Maryland courts have held that the duty owed by an owner or occupier of a premises generally does not extend to areas outside of its control."  *Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 535 (D. Md. 2018) (citing *Leatherwood Motor Coach Tours Corp. v. Nathan*, 84 Md. App. 370 (1990); *Barnett v. United States*, 193 F. Supp. 3d 515 (D. Md. 2016); *Matyas v. Suburban Trust Co.*, 257 Md. 339 (1970)).

---

[2] "Federal courts sitting in diversity apply the conflict of law rules prevailing in the states in which they sit."  *Havtech, LLC v. AAON Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022).  Regarding tort claims under Maryland's choice of law rules, "the substantive tort law of the state where the wrong occurs governs."  *Haunch v. Connor*, 295 Md. 120, 123 (1983).  Accordingly, Maryland law governs this case because the material events giving rise to Plaintiff's cause of action for negligence occurred in Maryland.

"Thus . . . tenants ordinarily do not have a duty to maintain the common areas retained by the landlord." *Id.* (citing *Matthews v. Amberwood Assoc.*, 351 Md. 544 (1998); *Parks v. Dingus*, No. JRH-94-2997, 1995 WL 167928, at *2 (D. Md. Apr. 5, 1995)).  "The only recognized exception to this 'control requirement' in Maryland is the 'special use' doctrine, which has been applied to impose liability on an owner or occupier of a premises who makes some 'special use' of an abutting public walkway and thereby creates a hazard on it." *Id.*  "Cases applying the doctrine have typically involved situations where the owner or occupier constructs or installs something on the public sidewalk intended specifically to benefit it." *Id.* at 536.  However, a walkway's existence immediately in front of a premise providing patrons with access thereto "alone does not amount to possession and control." *Id.*

Here, the above assertions supported by the specific terms of Hobby Lobby's lease agreement demonstrate that there is no genuine dispute of material fact that Hobby Lobby may not be found liable for Plaintiff's alleged injuries.  Specifically, Plaintiff cannot establish that Defendant Hobby Lobby owed a duty to Plaintiff as a mere tenant of the premises unresponsible for the control and maintenance of the parking lot.  Defense counsel for "all of the non Hobby Lobby [] Defendants" specifically informed Plaintiff's counsel on March 11, 2024, that Hobby Lobby "is not a proper party as it has no ownership, control, or other legal obligation with respect to the parking lot" and requested that Plaintiff voluntarily dismiss Hobby Lobby from this action to no avail.  *See* (ECF No. 28-4).  Thus, not only has Plaintiff chosen not to oppose Defendant Hobby Lobby's motion, but she has also been aware of the facts demonstrating Hobby Lobby's entitlement to summary judgment for several months notwithstanding the status of discovery in this case.  Nor has Plaintiff presented any evidence or argument supporting application of the

"special use" doctrine in light of her decision not to oppose the present motion.  Accordingly, Plaintiff's claim against Defendant Hobby Lobby fails a matter of law and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, it is this <u>12th</u> day of <u>August, 2024,</u> hereby **ORDERED** that Defendant Hobby Lobby's Motion for Summary Judgment (ECF No. 28) is **GRANTED**.  All claims against Defendant Hobby Lobby are dismissed as a matter of law but shall remain as to the remaining Defendants in this action.


Dated: August 12, 2024                                    _____/s/_____

                                                           J. Mark Coulson
                                                           United States Magistrate Judge