IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SUSANA AQUECHE**, | * | |
| *Plaintiff*, | * | |
| v. | * | **Civil Case No. 1:24-cv-01395-JMC** |
| **SVAP II PASADENA CROSSROADS, LLC. et al.**, | * | |
| | * | |
| *Defendants*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE EXPERT WITNESS DISCLOSURE**

The Court has before it Plaintiff's Motion For Extension of Time to File Expert Witness Disclosure (ECF No. 34), together with Defendants' Opposition (ECF No. 35) and Plaintiff's Reply (ECF No. 36).  The Court finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  As set forth more fully below, Plaintiff's Motion is GRANTED, however the Court will set a new deadline of October 7, 2024 (and similarly extend all corresponding deadlines), rather than the full thirty-day extension sought by Plaintiff.

This is a premises liability case wherein Plaintiff alleges she fell at Defendants' premises due to the presence of black ice, suffering injury.  (ECF No. 4). After beginning its life in state court, this matter was removed to this Court on May 14, 2024.  (ECF No. 1).  On June 7, 2024, this Court issued a proposed scheduling order that the parties agreed to in their joint status report of June 11, 2024.  (ECF Nos. 22 and 23).  Among other deadlines, the Court set an August 12, 2024, deadline for Plaintiff to make expert disclosures in compliance with Civil Rule of Procedure 26(a)(2).  (ECF No. 22 at 1).  Rule 26(a)(2)(B) requires that a party disclosing an expert witness provide a written report that includes, inter alia, "(i) a complete statement of all

1

opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B).

Through inadvertence, Plaintiff did not make compliant expert disclosures by August 12, 2024.  This oversight was in part caused by the fact that Plaintiff had made expert disclosures while the matter was pending in state court, and had also identified her experts in interrogatory answers in state court.  (ECF Nos. 34 at 1-2; 34-2; 32-3).  On September 6, 2024, Plaintiff filed the instant motion to modify the scheduling order to allow for late disclosure of these same previously-identified three experts.  (ECF No. 34).  Defendants oppose, principally arguing that Plaintiff has still not filed expert disclosures that are compliance with Rule 26(a)(2).  (ECF No. 35 at 1).

Pursuant to Federal Rule of Civil Procedure 16(b)(4), one seeking to amend a scheduling order must demonstrate good cause. "The burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indem. Co.*, No. JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016). Besides diligence, other factors in determining good cause include "the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014).

The Court finds good cause for granting an extension.  Plaintiff's motion was filed within three weeks of the missed deadline, a mistake that is partially explainable by her prior expert designation in state court.  This latter fact also cushions any prejudice worked against Defendants given that they were aware of the three experts since that state court designation (that was reiterated in Plaintiff's state court interrogatory answers).  In fact, armed with that information, Defendants served subpoenas on the three experts in June, seeking documents from each. (ECF

2

No. 34-5). Although it is true that only Dr. Franchetti produced a report in response to the subpoena, this at least goes partially towards fulfilling Plaintiff's disclosure well in advance of the Court's deadline.

All of that said, Plaintiff should be in a position to make her complete disclosures in compliance with Rule 26(a)(2) shortly, given that she has presumably been working with these experts for a number of months, and would not have designated them if she was not already aware of their support based on their prior review of her case. Accordingly, the Court declines to grant Plaintiff another thirty days to produce appropriate disclosures, and instead will set a deadline of October 7, 2024. To eliminate any resulting prejudice to Defendants, their expert disclosure date is extended to October 28, 2024. Plaintiff's rebuttal deadline is extended to November 4, 2024. The Rule 26(e)(2) supplementation deadline is extended to November 11, 2024. The overall discovery deadline and status report deadline is extended to December 11, 2024, and the request for admission deadline is January 3, 2025. Finally, the dispositive motions deadline is now January 17, 2025.

Accordingly, Plaintiff's Motion for Extension (ECF No. 34) is GRANTED as modified above.

Dated: September 16, 2024                              /s/
                                                      J. Mark Coulson
                                                      United States Magistrate Judge