IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Susana Aqueche,** | * | |
| **Plaintiff** | | |
| | * | |
| vs. | | Case No.   1:24-cv-01395-JMC |
| | * | |
| **SVAP II Pasadena Crossroads, LLC., et al.,** | | |
| | * | |
| **Defendants** | | |
| | * | |

******

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL (ECF NO. 39) AND ORDERING PRODUCTION OF PATIENT RECORDS

Plaintiff, Susana Aqueche, filed this premises liability case against Defendants seeking recovery for personal injuries sustained during a "slip and fall" on Defendants' premises. As such, Plaintiff has put her medical care in issue, and reasonable discovery regarding Plaintiff's medical condition both before and after the incident in question is clearly within the scope of discovery authorized by Rule 26 of the Federal Rules of Civil Procedure. Indeed, Plaintiff does not argue to the contrary.

Accordingly, on June 13, 2024, Defendant SVAP II Pasadena Crossroads LLC ("Crossroads") sent a subpoena issued by this Court with a return date of July 22, 2024 to Plaintiff's primary care provider, Luminis Health Primary Care Annapolis ("Luminis") seeking Plaintiff's medical records from January 1, 2010 through present date in the custody of Luminis, with appropriate certification that Plaintiff was notified in compliance with HIPAA and with §4-306 to allow her the required thirty (30) days to object prior to the July 22, 2024 return date. (ECF No. 39-2). Plaintiff did not object.

To date, Luminis has failed to comply with the Court's subpoena, offering various objections as various stages. First, on June 26, 2024, Luminis prematurely objected because SVAP provided no confirmation that no objections were raised by Plaintiff. (ECF No. 39-3). Of course, this assurance could not be given since the 30-day objection period had not run, and that the return date was not until July 22, 2024. More importantly, on July 22, 2024, SVAP did provide confirmation that no objections by Plaintiff had been received. (ECF No. 39-4). Lumina then objected due to a lack of a "court order" notwithstanding this Court's valid subpoena. (ECF No. 39-5). Finally, Lumina objected based on SVAP not providing assurance that any records produced would be used only for the litigation and would be returned or destroyed afterwords. (ECF No. 39-8).

The Court finds that the subpoena is proper and that SVAP has complied with all of its obligations to receive the requested records. Nonetheless, to remove any uncertainty, the Court attaches its own Order To Produce Medical Records to Luminis regarding the requested records. The Court will deny without prejudice SVAP's request for fees and costs incurred in trying to gain compliance, but should there by further unwarranted delay by Luminis, the Court will consider an appropriate sanction.

 10/25/2024  
Date

J. Mark Coulson  
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Susana Aqueche,** | * | |
| **Plaintiff** | | |
| | * | |
| vs. | | Case No.   1:24-cv-01395-JMC |
| | * | |
| **SVAP II Pasadena Crossroads, LLC., et al.,** | | |
| | * | |
| **Defendants** | | |

******

## ORDER TO PRODUCE MEDICAL RECORDS

Within fifteen (15) days of the date of this order, for patient Susana Aqueche (SSN: xxx-xx-1849) the Custodian of Records for Luminis Health Primary Care of Annapolis shall produce the below-described records to:

Andrew T. Stephenson, Esquire,
Franklin & Prokopik,
The B&O Building,
Two North Charles Street, Suite 600
Baltimore, Maryland 21201

*The complete patient filed including records, reports, evaluations, written conclusions, test results or reports, histories, physical examinations, operative reports, consultation reports, radiology reports, nuclear medicine reports, pathology reports, laboratory reports, hand written reports, billing statements, billing invoices, billing receipts, photographs, prescriptions, office notes, psychiatric and psychological reports or testing, films , including any "specially protected information" contained therein.  Luminis shall include a statement from its records custodian that the production is complete, authentic and accurate.*

The requesting party shall use any records produced solely in relation to this litigation and will destroy said production at the conclusion of the litigation.

DATE: 10/25/2024             _____
                              J. Mark Coulson